# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA LOUISE ROBERTS,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>STUDIO 15, et al.,<br><br>　　　　　　　　Defendants. | Case No.: 24-CV-1329 JLS (SBC)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 3);**<br><br>**(2) DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) WITH LEAVE TO AMEND (ECF No. 1); AND**<br><br>**(3) DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL (ECF No. 2)** |

　　　Presently before the Court are Plaintiff Tina Louise Roberts's Complaint ("Compl.," ECF No. 1), Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Mot.," ECF No. 3), and Request for Appointment of Counsel ("Counsel Mot.," ECF No. 2). Having carefully considered Plaintiff's submissions and the law, the Court **GRANTS** Plaintiff's IFP Motion, **DISMISSES** Plaintiff's Complaint, and **DENIES WITHOUT PREJUDICE** Plaintiff's Counsel Motion.

## APPLICATION TO PROCEED *IN FORMA PAUPERIS*

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $405.[1] 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1), which reads as follows:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

As § 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *rev'd on other grounds*, 506 U.S. 194 (1993).

"An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Escobedo*, 787 F.3d at 1234 (quoting *United States v.*

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*. *Id.*

*McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).

Here, Plaintiff indicates that her monthly income consists of $1,392 in disability and public-assistance benefits, that she has less than $10 in cash, and that she has no other assets. *See* IFP Mot. at 1–3. Meanwhile, Plaintiff reports $920 in monthly expenses. *Id.* at 4–5. The Court concludes Plaintiff has adequately demonstrated that paying the $405 filing fee would harm her ability to afford the necessities of life. Accordingly, the Court **GRANTS** Plaintiff's IFP Motion.

## SCREENING PURSUANT TO 28 U.S.C. 1915(e)(2)

A complaint filed by litigant proceeding IFP is subject to *sua sponte* dismissal if it is "frivolous, [is] malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim.").

For the reasons that follow, the Court finds that the Complaint fails to state a claim for which relief can be granted. Accordingly, the Court will **DISMISS** Plaintiff's Complaint without prejudice and with leave to amend.

### I. Standard of Review

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility requires pleading facts

supporting a claim for relief, as opposed to conclusory allegations or the "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

Independently, Federal Rule of Civil Procedure 8 requires pleadings to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." *Id.* 8(d)(1). Rule 8 "applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (citations omitted). A complaint which is "argumentative, prolix, replete with redundancy, and largely irrelevant" does not meet Rule 8's requirement of simplicity, directness, and clarity. *Id.* at 1177–78.

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Further, courts have a duty to construe a pro se litigant's pleadings liberally. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). A district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect." *Lopez*, 203 F.3d at 1130 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988)).

## II.  DISCUSSION

Though not particularly easy to parse, the Complaint appears to allege that Plaintiff was sexually assaulted and otherwise harmed on July 19, 2024, by multiple individuals from her apartment complex. *See* Compl. at 1–3.[2] Plaintiff further alleges that law enforcement was slow to respond to her 911 calls. *See id.* at 2–3. She seeks to "press charges" against "the office"—though it is unclear whether this refers to the police department or her complex's management office—and 911 "dispatcher 8332." *Id.* at 3. In what appears to be a supplement to the Complaint, Plaintiff suggests other police officers were involved in the failure to investigate her allegations. *See generally* ECF No. 5.

---

[2] Pin citations to the Complaint refer to the blue CM/ECF page numbers stamped electronically across the top of the document.

While the Complaint accuses Defendants of neglect, the nature of Plaintiff's claims is unclear. The Court has difficulty deciphering the misconduct alleged, and the Complaint does not cite state or federal laws that might provide Plaintiff a cause of action. The Complaint's allegations are therefore insufficient to put Defendants on notice of the claims against them, as required by Rule 8. *See McHenry*, 84 F.3d at 1178 (explaining that a complaint lacking "simplicity, conciseness and clarity as to whom [a plaintiff is] suing and for what wrongs, fails to perform the essential functions of a complaint"). Moreover, the Complaint "is silent as to jurisdiction," which also renders it "subject to dismissal for violation of Rule 8." *Toussaint v. Venante*, Case No. 22-CV-245 JLS (AGH), 2022 WL 891112, at *2 (S.D. Cal. Mar. 25, 2022). Nor does the Complaint provide any factual basis for inferring federal subject matter jurisdiction.[3]

As the Complaint fails to state a claim upon which relief may be granted, the Court must *sua sponte* dismiss it pursuant to 28 U.S.C. § 1915(e)(2).

## CONCLUSION

In light of the above, the Court:

1) **GRANTS** Plaintiff's IFP Motion (ECF No. 3).

2) **DISMISSES** Plaintiff's Complaint (ECF No. 1) *sua sponte* **WITHOUT PREJUDICE** for its failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2). Given Plaintiff's pro se status, the dismissal is **WITH LEAVE TO AMEND**. Plaintiff thus has forty-five (45) days' leave from the date of this Order to file an amended complaint curing the pleading deficiencies noted above. Any amended complaint must be complete in and of itself without reference to Plaintiff's original

---

[3] To the extent Plaintiff might be seeking to bring a claim under 42 U.S.C. § 1983 against the 911 dispatcher, her claim fails. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). And, except in narrow circumstances not applicable here (at least, based on the Complaint's allegations), the government's "failure to act to protect an individual from private violence does not deprive an individual of substantive due process." *Murguia v. Langdon*, 61 F.4th 1096, 1108 (9th Cir. 2023).

Complaint; claims not realleged in the amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend that are not realleged in an amended pleading may be "considered waived"). ***If Plaintiff fails to amend within the time provided, the Court will enter a final Order dismissing this civil action.*** *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

3) **DENIES WITHOUT PREJUDICE** Plaintiff's Counsel Motion (ECF No. 2).[4] Should circumstances change, Plaintiff may be permitted to file another motion for appointment of counsel.

**IT IS SO ORDERED.**

Dated: August 6, 2024

Hon. Janis L. Sammartino
United States District Judge

---

[4] Under 28 U.S.C. § 1915(e)(1), district courts have some limited discretion to "request" that an attorney represent an indigent civil litigant. *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). This discretion may be exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). As the Court finds the Complaint is subject to dismissal, Plaintiff has not shown a likelihood of success on the merits. *Gibson v. Dzurenda*, No. 3:19-CV-00416-MMD-WGC, 2020 WL 7227212, at *3 (D. Nev. Dec. 7, 2020) (finding no likelihood of success on the merits warranting appointment of counsel where pleadings dismissed following IFP screening).