UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA LOUISE ROBERTS,<br><br>                              Plaintiff,<br><br>v.<br><br>STUDIO 15, et al.,<br><br>                             Defendants. | Case No.: 24-CV-1329 JLS (SBC)<br><br>**ORDER:**<br><br>**(1) DISMISSING FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) WITH LEAVE TO AMEND (ECF No. 8); AND**<br><br>**(2) DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL (ECF No. 10)** |

Presently before the Court are pro se Plaintiff Tina Louise Roberts's First Amended Complaint ("FAC," ECF No. 8) and renewed Motion for Appointment of Counsel ("Counsel Mot.," ECF No. 10). As Plaintiff is proceeding *in forma pauperis* ("IFP"), the FAC is subject to mandatory screening pursuant to 28 U.S.C. § 1915(e)(2).

Having carefully considered Plaintiff's submissions and the law, the Court **DISMISSES** Plaintiff's FAC, and **DENIES WITHOUT PREJUDICE** Plaintiff's Counsel Motion.

///

# BACKGROUND

On July 29, 2024, Plaintiff filed a Complaint, a Motion to Proceed IFP, and a Motion to Appoint Counsel. *See* ECF Nos. 1, 2, 3. The Complaint, though difficult to parse, appeared to allege Plaintiff was sexually assaulted and otherwise harmed on July 19, 2024, by multiple individuals from her apartment complex, and law enforcement was slow to respond to her 911 calls. *See* ECF No. 1 at 1–3.[1] Then, in a document filed seemingly to supplement the Complaint, Plaintiff suggested other police officers were involved in the failure to investigate her allegations. *See generally* ECF No. 5. On August 6, 2024, the Court granted Plaintiff's IFP Motion and dismissed her original Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to pass muster under Federal Rules of Civil Procedure 8. *See generally* ECF No. 6 ("Order"). The Court noted it had difficulty deciphering the misconduct alleged, and the Complaint did not cite to any federal or state laws that might provide Plaintiff a cause of action. Order at 5. Further, the Complaint provided no factual basis for inferring federal subject matter jurisdiction. *Id.*

The Court also denied Plaintiff's Motion to Appoint Counsel, finding Plaintiff failed to show a likelihood of success on the merits. *Id* at 6 & n.4. The Court granted Plaintiff forty-five (45) days to file an amended complaint. *Id.* at 5. On September 18, 2024, Plaintiff filed her FAC.

Plaintiff's FAC, like the Complaint, is difficult to decipher. Her claims again appear to arise out of allegations of a sexual assault on July 19, 2024. FAC at 5. As far as the Court can ascertain, Plaintiff seeks to bring a claim under California Civil Code § 1950.5(b) against Studio 15; a claim under "10 USC. Carnal Knollwedge [sic]" against Studio 15, Steve Kenny, and Erick Denise; and a claim against the San Diego Police Department regarding "processing evidence." *See generally* FAC. She requests money damages in the amount of $70,000 and "jail time." *Id.* at 7. Included with her FAC are medical documents

---

[1] Pin citations refer to the blue CM/ECF page numbers stamped electronically across the top of the document.

and a San Diego Police Department Crime/Incident Report.[2]  FAC at 8–12.

Plaintiff also filed a subsequent document titled "Add to Amend Complaint" where she alleges a violation of California Penal Code § 243.4 and that Defendants "interfer[ed]" with her case.  ECF No. 9 at 5.  She adds claims for "jail time" under "US Code 932," California Civil Code § 1950.5(b), and "1331 diversity 10 USC."  *Id.* at 6.

In this supplemental filing, Plaintiff alleges she was "shot in [her] private area," by a "dark male," and alleges her doctor, "MD Williamson," refused to do his duty "as a MD for Sharp Hospital."  *Id.* at 5.  She additionally appears to allege the "Sex Crime Unit" failed to test her clothing, *id.* at 6, and also indicates she is seeking "prison time/fine" for "assault with female rapist on July 20, 2024," *id.* at 8.  Plaintiff then describes a claim for "crime processing," and finally asserts a claim characterized as "race gender religion," where she contends she was shot in the kneecap by "Ms. Riveria," who "hate[s] blacks."  *Id.* at 9.

In an additional subsequent filing, presumably also intended to supplement her FAC, Plaintiff alleges Studio 15 management was "aware of plot, of filming and showing video on [her] bathroom on toilet and shower."  ECF No. 11 at 1.  Plaintiff also asserts "they allow[ed] this unknow [sic] to rape [her]."  *Id.*  Additionally, she was purportedly "burn[ed] and beat" by a "male," and has a "court agreement to move out on or before March 1, 2025."  ECF No. 11 at 2.  Plaintiff then expresses the manager "robb[ed] her unit and caus[ed a] large mass in [her] throat" that required surgery.  *Id.*  Attached to this filing is a form labeled Certification of Domestic Violence, Dating Violence, Sexual Assault, or Stalking, and Alternative Documentation provided by the U.S. Department of Housing and Urban Development.  *Id.* at 3–5.

Plaintiff then filed yet another supplemental document titled "Add case violation," where she alleges property was removed from her apartment where she "still live[s]" and

---

[2] Notably, Plaintiff's included Crime/Incident Report details that she "has an extensively long history of unfounded calls for service. At the time of this report, Roberts has called police communications approximately 250 times since January of 2024." FAC at 10.

that Studio 15 has violated the "stipulation." ECF No. 13 at 1–2. Finally, on March 5, 2025, Plaintiff filed a Notice of Change of Address, which also includes unclear allegations regarding an interaction with a police officer, and allegations that the Studio 15 manager sent residents to her hotel room and engaged in some conduct the Court cannot fully decipher. ECF No. 14 at 1–2.

## LEGAL STANDARD

A complaint filed by litigant proceeding IFP is subject to *sua sponte* dismissal if it is "frivolous, [is] malicious, fail[s] to state a claim on which relief may be granted, or seek[s] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim.").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility requires pleading facts supporting a claim for relief, as opposed to conclusory allegations or the "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

Independently, Federal Rule of Civil Procedure 8 requires pleadings to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." *Id.* 8(d)(1). Rule 8 "applies to good claims as well as bad, and is a basis for dismissal independent of

1 | Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (citations omitted).
2 | A complaint which is "argumentative, prolix, replete with redundancy, and largely
3 | irrelevant" does not meet Rule 8's requirement of simplicity, directness, and clarity. *Id.*
4 | at 1177–78.

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Further, courts have a duty to construe a pro se litigant's pleadings liberally. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). A district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect." *Lopez*, 203 F.3d at 1130 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988)).

**DISCUSSION**

As an initial matter, Plaintiff is instructed that she may not continuously file supplements to her FAC. Instead, Plaintiff is reminded that her FAC must be complete in and of itself and that she must seek leave from the Court for any future amendments. *See* Fed. R. Civ. P. 15(a).

In any event, Plaintiff's allegations—both in her FAC and spanning across her varied subsequent filings—continue to lack the requisite clarity to provide Defendants "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation and alteration omitted); *see also McHenry*, 84 F.3d at 1178 (explaining that a complaint lacking "simplicity, conciseness and clarity as to whom [a plaintiff is] suing for what wrongs, fails to perform the essential functions of a complaint"). For instance, it is not clear how California Civil Code § 1950.5(b), which applies to security for a rental agreement, defined as "any payment, fee, deposit, or charge . . . imposed at the beginning of the tenancy to be used to reimburse the landlord for costs associated with processing a new tenant or that is imposed as an advanced payment of rent . . .[,]" relates to any of Plaintiff's allegations.

Moreover, to the extent Plaintiff relies on criminal statutes and seeks criminal

punishment, there is no private right of action for violation of a criminal statute. *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (affirming dismissal of claims under "criminal statutes that do not give rise to civil liability"); *Keyter v. McCain*, 207 F. App'x 801, 802 (9th Cir. 2006) ("The district court properly dismissed [plaintiff's] claims based on federal criminal statutes because statutes that provide for punishment by fine or imprisonment do not create privately enforceable rights or give rise to civil liability.").

As the Complaint fails to state a claim upon which relief may be granted, the Court must *sua sponte* dismiss it pursuant to 28 U.S.C. § 1915(e)(2).

The Court also notes that while Plaintiff indicates subject matter jurisdiction exists based on diversity of citizenship and a United States government defendant, the FAC alleges that both Plaintiff and Defendants are citizens of California, and the Court is unable to ascertain any United States government defendant from Plaintiff's pleadings. *See* FAC at 3. Thus, unless Plaintiff's case arises under the United States Constitution or federal laws or treaties—that give rise to civil liability—the Court does not appear to have subject matter jurisdiction.

However, as the nature of Plaintiff's claims is not fully comprehensible by the Court at this time, the Court cannot rule out the possibility that Plaintiff can plausibly allege facts addressing the deficiencies described in this Order. Thus, the Court will again grant Plaintiff leave to amend her complaint.

## CONCLUSION

In light of the above, the Court:

1) **DISMISSES** Plaintiff's First Amended Complaint (ECF No. 8) *sua sponte* **WITHOUT PREJUDICE** for its failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2). Given Plaintiff's pro se status, the dismissal is **WITH LEAVE TO AMEND**. Plaintiff thus has forty-five (45) days' leave from the date of this Order to file an amended complaint curing the pleading deficiencies noted above. Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v.*

1  *Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012).  Any amended complaint must be
2  complete in and of itself without reference to Plaintiff's original Complaint or FAC; claims
3  not realleged in the amended complaint will be considered waived.  *See* S.D. Cal. CivLR
4  15.1; *Lacey*, 693 F.3d at 928 (noting that claims dismissed with leave to amend that are not
5  realleged in an amended pleading may be "considered waived").  ***If Plaintiff fails to amend***
6  ***within the time provided, the Court will enter a final order dismissing this civil action.***
7  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take
8  advantage of the opportunity to fix his complaint, a district court may convert the dismissal
9  of the complaint into dismissal of the entire action.").

10  2) **DENIES WITHOUT PREJUDICE** Plaintiff's Counsel Motion (ECF
11  No. 10).[3]  Should circumstances change, Plaintiff may be permitted to file another motion
12  for appointment of counsel.

13  **IT IS SO ORDERED.**
14  Dated:  March 24, 2025

*[signature]*
Hon. Janis L. Sammartino
United States District Judge

---

[3] Under 28 U.S.C. § 1915(e)(1), district courts have some limited discretion to "request" that an attorney represent an indigent civil litigant. *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). This discretion may be exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).  As the Court finds the FAC is subject to dismissal, Plaintiff has not shown a likelihood of success on the merits.  *Gibson v. Dzurenda*, No. 3:19-CV-00416-MMD-WGC, 2020 WL 7227212, at *3 (D. Nev. Dec. 7, 2020) (finding no likelihood of success on the merits warranting appointment of counsel where pleadings dismissed following IFP screening).